J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN KELLEHER, an individual;<br><br>Defendant. | Case No.: 2:10-cv-01184-KDJ-RJJ<br><br>**PLAINTIFF'S DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff, Righthaven LLC ("Righthaven"), by and through counsel, pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure, hereby submits Righthaven's unilateral proposed Discovery Plan and Scheduling Order.

A. **Fed.R.Civ.P. 26(f) Conference.** On September 1, 2010, the Parties conducted the discovery conference as required under Fed. R. Civ. P. 26(f). In attendance on behalf of Righthaven was Steve A. Gibson, Esq. and Charles Coons, Esq.; and Mr. Kelleher appeared on his own behalf, as a pro se litigant. A follow-up discovery conference was thereafter conducted on September 3, 2010. In attendance on behalf of Righthaven was Steve A. Gibson, Esq. and Charles Coons, Esq.; and Mr. Kelleher appeared on his own

1

behalf, as a pro se litigant.

On September 14, 2010, Mr. Kelleher advised Righthaven that he was unable to agree with the proposed Discovery Plan and Scheduling Order ("Discovery Order"), because he intended to file a Motion to Dismiss in the near future; however, the Motion to Dismiss has not been filed as of September 23, 2010.  In response to Mr. Kelleher's September 14, 2010 correspondence, Righthaven informed Mr. Kelleher that Righthaven would file its unilateral Discovery Order.

Additionally, due to the delay in organizing and completing a compliant Rule 26(f) conference and the additional delay in developing a joint discovery order among the parties, Righthaven requests this Court consider a special scheduling request. Righthaven hereby requests the requisite 180-day discovery plan from the date of the Rule 26(f) conference, rather than the date of first appearance by the Defendant. This special scheduling request is a minor deviation from the date structure provided in LR 26-1(e) and is sought in good faith to accommodate the delay in organizing the Rule 26(f) conference and providing the court a Discovery Order.  Consequently, allowing for a standard 180-day discovery period from the date of the Rule 26(f) conference will provide both parties the time required to develop and litigate this copyright infringement action without the prejudice of lapsed deadlines that currently exist under a 180-day discovery plan from the date of the Defendant's first appearance.

1. <u>Fed. R. Civ. P. 26(a) Changes</u>:  Righthaven shall submit its initial disclosures pursuant to Fed.R.Civ.P. 26(a) fourteen (14) days from the date of the Court's Order approving the proposed Discovery Order.

2. <u>Fed. R. Civ. P. 26(f)(3)(A)-(B) Scope and Timing of Discovery</u>: Righthaven believes that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and should not be limited to any particular issues.

a. Righthaven proposes the following timetable for discovery, based on a six-month schedule:

  i. **Discovery Cut-Off Date:**  The cut-off date for discovery shall be the **2nd day of March, 2011,** 180 days from the date of the Rule 26(f) conference.

  ii. **Amending the Pleadings and Adding Parties:**  All motions to amend the pleadings or to add parties shall be filed not later than the **2nd day of December, 2010,** 90 days prior to the scheduled close of discovery.

  iii. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**  Disclosures concerning experts shall be made no later than the **3rd day of January, 2011**, 58 days before the discovery cut-off date. Disclosures concerning rebuttal experts shall be made no later than the **2nd day of February, 2011,** 30 days after the initial disclosure of experts.

  iv. **Dispositive Motions:**  The date for filing dispositive motions shall not be later than **the 1st day of April, 2011,** 30 days after the discovery cut-off date.  In the event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

  v. **Pretrial Order:**  The date for filing the joint pretrial order shall not be later than the **2nd day of May, 2011,** 31 days after the cut-off date for filing dispositive motions.  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court.  In

3

the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

    vi. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made not later than the **10th day of February, 2011,** 20 days before the discovery cut-off date.

    vii. **Interim Status Report:** The Parties shall file the interim status report, if required, by the **3rd day of December, 2010,** 58 days before the discovery cut-off date.

3.     Fed.R.Civ.P. 26(f)(3)(C) Discovery of Electronically Stored Information: The Parties agreed that, as the claims and defenses in this case involve electronically-stored information, a substantial amount of disclosure and/or discovery will involve information or records maintained in electronic form.  The Parties agree to preserve all potentially discoverable documents, including electronically-stored information.  The disclosure or discovery of electronically stored information shall be handled as follows:

    a.     As used in this section 3(a), the following terms shall be defined as follows:

        i.     "Alter" shall mean alter, change, modify, revise, corrupt, delete and/or destroy.

        ii.     "Content" shall mean all material, information, matter, text, Software, data, graphics, computer-generated displays and interfaces, images, and works of any nature, including, without limitation, all compilations of the foregoing and all

                results and/or derivations of the expression of the foregoing.

    iii.    "Custodial Persons" shall mean Defendants' virtual employees, off-site employees, contractors, agents, representatives or others under the control of Defendants in possession of Electronic Data that is potentially discoverable in this case, including, without limitation, those Persons that owe Defendants a contractual or other fiduciary duty to maintain, preserve, keep confidential or otherwise protect Defendants' Electronic Data.

    iv.    "Developed" shall mean developed, conceived, discovered, provided, produced, generated, manufactured, reduced to practice, created or otherwise arising out of a Person's efforts in any manner whatsoever and through any means whether now known or hereafter developed.

    v.    "Electronic Media" shall mean computer, computer-based network, network, magnetic means, optical means, electronic means, compact and laser disc, digital video displays, video cassettes, and multi-media and any other method (now known or hereafter Developed) for the publication, retention, conveyance, possession or holding of Content.

    vi.    "Format" shall mean in the identical configuration, language, application and with all the identical attributes including, without limitation, all associated metadata.

    vii.    "Party" shall mean either Righthaven or Mr. Kelleher, in their individual capacity.

    viii.    "Person" shall mean any individual, corporation,

                partnership, limited partnership, limited-liability partnership, limited-liability company, trust, association, organization or any form of entity whatsoever.

        ix.     "Software" shall mean source code, object code, executable code, or other program or code format whatsoever, whether now known or hereinafter Developed.

   b.    Each Party shall preserve and not Alter all Electronic Data in that Party's possession or control that is potentially discoverable in this case in their Format, regardless of any pre-existing retention policies.

   c.    Each Party shall instruct all Custodial Persons to preserve and not Alter all Electronic Data potentially discoverable in this case in their Format, regardless of any pre-existing retention policies.

   d.    Each Party shall produce Electronic Data in the same Format such Electronic Data exists and/or existed in use and/or possession (if different) by the Party.  Each Party shall identify any Software that must be used to view, operate and/or manipulate the Electronic Data.  In the event the Software used to store and view the Electronic Data is a program which is not already available, or readily and reasonably contemporaneously available at no cost, to the propounding Party, the producing Party shall provide the Software or a limited license thereto to enable the propounding Party to review the Electronic Data.  If the producing Party is unable to provide the Software or a limited license thereto to enable the propounding Party to review the Electronic Data, the propounding Party may elect that the producing Party make the Electronic Data available for inspection by the propounding Party in the Format such Electronic Data exists and/or existed at the

location at which such Electronic Data is routinely accessible, at a mutually convenient time, with such time being during normal working hours and on contiguous dates, if so requested by the propounding Party.  After inspecting any such Electronic Data, the propounding Party shall have the option of requesting a printout of the Electronic Data.

e. A Party desiring not to produce metadata associated with any Electronic Data shall be required to seek a protective order protecting against such production and shall have the burden of proof of establishing the impropriety of production of any such metadata.

4. <u>Fed.R.Civ.P. 26(f)(3)(D) Claims of Privilege or Protection as Trial-Preparation Material</u>:  A party claiming that any item within the scope of discovery is protected as either privileged or as trial-preparation material, pursuant to Fed.R.Civ.P. 26(b)(5), shall submit a detailed privilege log detailing the nature of the privilege or the basis for the item's or items' protection as trial preparation material.  Such a privilege log shall be produced within (21) days following the date that the documents memorialized in the privilege log were to be produced by the party from whom discovery is being sought.  If a party becomes aware of a privileged document having been produced within (21) days following production of such a document, the producing party shall promptly notify the opposing party, and the notified party shall return to the producing party all copies of the inadvertently-produced document.

5. <u>Fed.R.Civ.P. 26(f)(3)(E) Changes</u>:  None at this time.

6. <u>Fed.R.Civ.P. 26(f)(3)(F) Orders</u>:  None at this time.

7

B. **Later-Appearing Parties:** A copy of this Discovery Plan and Scheduling Order shall be served on any person who is hereafter added as a party to this action within five days of that later-appearing Party's first appearance. This Discovery Plan and Scheduling Order shall apply to such later-appearing Party or Parties, unless: (1) a stipulation of the Parties is approved by this Court, or (2) this Court, on motion for good cause shown, orders otherwise.

Dated this twenty-third day of September, 2010.

Respectfully submitted by,

RIGHTHAVEN LLC

By: /s/ J. Charles Coons, Esq.
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Conquistador Business Park
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129
*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** September 27, 2010

8