SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129
(702) 304-0432 - Telephone
(702) 922-3851 – Fax

*Attorney for Plaintiff Righthaven LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN KELLEHER, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01184-KDJ-RJJ<br><br>**[PROPOSED] JOINT PRETRIAL ORDER** |

Following pretrial proceedings in this cause,

IT IS SO ORDERED:

**I.**

By way of this action, Plaintiff Righthaven LLC ("Righthaven") seeks finding of copyright infringement against Defendant Kevin Kelleher ("Defendant") for posting, without authorization, the literary work entitled "Calvert, longtime voice of UNLV, among six-member class" (the "Work") on the Internet domain and related content found at <pa-announcer.blogspot.com> (the "Website").  The *Las Vegas Review-Journal* originally published the Work on June 5, 2010.  Defendant is the alleged owner and operator of the Website.  Defendant is alleged to have posted the Work without authorization in its entirety on June 5, 2010.  Defendant is alleged to have continued to display the Work from June 5, 2010, to sometime thereafter on the Website.

Specifically, the subject matter of the Work, at least in part, addresses the induction of a University of Nevada at Las Vegas public-address announcer into the Southern Nevada Sports Hall of Fame.   Based on the Work's content, Defendant knew that the Work was originally published in the *Las Vegas Review-Journal*. Moreover, Defendant is alleged to have known the Work's content and subject matter was and is of specific interest to Nevada residents.

Subsequent to Defendant's unauthorized replication on the Website, the Work was assigned to Righthaven.  On July 9, 2010, the United States Copyright Office (the "USCO") granted Righthaven's registration application for the Work, as evidenced by copyright registration number TX0007171970 (the "Registration").  On July 16, 2010, Righthaven filed this action against Defendant for copyright infringement of the Work.  (Doc. # 1.)  Righthaven's Complaint seeks the following relief against Defendant:

1) To preliminarily and permanently enjoin and restrain Defendant, and Defendant's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Defendant, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2) Direct Defendant to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to Defendant's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Defendant may have communicated regarding his use of the Work; and

   c. All financial evidence and documentation relating to Defendant's use of the Work;

3) Order the surrender to Righthaven all hardware, software, electronic media and domains, including the Domain, used to store, disseminate and display the unauthorized versions of any and all copyrighted Works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64;

4) Award Righthaven statutory damages for the willful infringement of the Works, pursuant to 17 U.S.C. §504(c);

5) Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

6) Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

7) Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

8) Grant Righthaven such other relief as this Court deems appropriate.

Defendant contends that i) he is not subject to the personal jurisdiction of this Court, ii) Righthaven lacks standing to bring this copyright action, iii) his posting of the Work on his website was impliedly licensed by the Work's author and iv) his posting of the Work on his website was permitted under the fair use doctrine.

## II.

This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a), and 28 U.S.C. § 1400(a). Defendant contends that he is not subject to the personal jurisdiction of this Court.

## III.

The following facts are admitted by the parties and require no proof:

(a) The *Las Vegas Review-Journal* originally published the Work on June 5, 2010.

(b) Defendant is the owner of the Website.

(c) On or about June 5, 2010, Defendant posted content on the Website identical or similar in content to the Work.

(d) On July 9, 2010, the USCO granted the Registration for the Work, as evidenced by copyright registration number TX0007171970.

### IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: None.

### V.

The following are issues of fact to be tried and determined upon trial:

(a) Whether Righthaven obtained sufficient rights to convey standing to maintain this action under the Copyright Act of 1976 (the "Copyright Act") as required by controlling authority from the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"), as well as based on the decisions from other jurisdictions.

(b) Whether Righthaven's allegations and evidence sufficiently support the exercise of personal jurisdiction over Defendant under Ninth Circuit authority applying the specific jurisdictional analysis under its application of the *Calder v. Jones* effects test.

(c) Whether Defendant's replication of the Work was impliedly licensed by its author.

(d) Whether the Defendant's replication of the Work falls within the fair use exception to copyright infringement liability codified under 17 U.S.C. § 107.

### VI.

The following are issues of law to be tried and determined upon trial:

(a) Whether Righthaven obtained sufficient rights to convey standing to maintain this action under the Copyright Act as required by controlling authority from the Ninth Circuit, as well as based on the decisions from other jurisdictions.

(b) Whether Righthaven's allegations and evidence sufficiently support the exercise of personal jurisdiction over Defendant under Ninth Circuit authority applying the specific jurisdictional analysis under its application of the *Calder v. Jones* effects test.

### VII.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

        (1) Plaintiff's exhibits:

           a. A copy of the "About Me" section of the Website that identifies the Defendant as the owner of the site, which was attached to Righthaven's Complaint as Exhibit 1.

           b. A copy of Defendant's Twitter webpage that contained a hyperlink to the Website that is identified as his Internet Blog, which was attached to Righthaven's Complaint as Exhibit 2.

           c. A copy of the Work as it appeared in the *Las Vegas Review-Journal* on June 5, 2010, and which was attached to Righthaven's Complaint as Exhibit 3.

           d. A copy of an allegedly unauthorized reproduction of the Work as it appeared on Defendant's Website on or about June 5, 2010, and which was attached to Righthaven's Complaint as Exhibit 4.

           e. The Registration for the Work from the USCO, which was attached to Righthaven's Complaint as Exhibit 5.

        (2) Defendant's exhibits:

        None.

(b)    As to the following exhibits the parties have reached the stipulations stated:

        (1) Stipulations as to Plaintiff's exhibits: None at this time.

        (2) Stipulations as to Defendant's exhibits: None at this time.

(c)    As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

        (1) Objections to Plaintiff's exhibits: None at this time.

        (2) Objections to Defendant's exhibits: None at this time.

(d)    Depositions:

        (1) Plaintiff will offer the following depositions: None.

(e)    Defendant will offer the following depositions: None.

(f)    Objections to Depositions:

    (1) Defendant objects to Plaintiff's depositions as follows: N/A

    (2) Plaintiff objects to Defendant's depositions as follows: N/A

## VIII.

The following witnesses may be called by the parties upon trial:

1.  Plaintiff's witnesses:

    a)  Steven A. Gibson
        c/o Shawn A. Mangano, Ltd.
        9960 West Cheyenne Avenue, Suite 170
        Las Vegas, Nevada 89129

    b)  Kevin Kelleher
        c/o Andrew Dhuey, Esq.
        456 Boynoton Avenue
        Berkeley, California 94707

2.  Defendant's witnesses:

    a) Steven A. Gibson
        c/o Shawn A. Mangano, Ltd.
        9960 West Cheyenne Avenue, Suite 170
        Las Vegas, Nevada 89129

    b) Kevin Kelleher
        c/o Andrew Dhuey, Esq.
        456 Boynoton Avenue
        Berkeley, California 94707

    c) Sherman Frederick
        President and CEO, Stephens Media LLC
        1111 W. Bonanza Rd.
        Las Vegas, NV 8910

**IX.**

Counsel have met and herewith submit a list of three (3) agreed upon trial dates in 2011: (1) October 4th through 5th; (2) October 11th through 12th; and (3) November 8th through 9th.

It is expressly understood by the undersigned that the Court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

**X.**

It is estimated that the trial herein will take a total of two (2) days.  Counsel expect this case will be tried to a jury unless otherwise agreed upon by the parties.  A jury trial has been demanded in this case, but may be subject to withdrawal upon mutual agreement of the parties.

APPROVED AS TO FORM AND CONTENT:

**SHAWN A. MANGANO, LTD**

By/s/Shawn A. Mangano_____
   Shawn A. Mangano, Esq.
   9960 West Cheyenne Avenue, Suite 170
   Las Vegas, Nevada 89129

*Attorney for Plaintiff Righthaven LLC*


 /s/ Andrew J. Dhuey_____
Andrew J. Dhuey, Esq.
456 Boynoton Avenue
Berkeley, California 94707

*Attorney for Defendant Kevin Kelleher*

# XI.

## ACTION BY THE COURT

(a) This case is set down for court/jury trial on the fixed/stacked calendar on _____. Calendar call shall be held on _____.

(b) An original and two (2) copies of each trial brief shall be submitted to the clerk on or before _____.

(c) Jury trials:

(1) An original and two (2) copies of all instructions requested by either party shall be submitted to the clerk for filing on or before _____.

(2) An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the Court on *voir dire* shall be submitted to the clerk for filing on or before _____.

(d) Court trials:

Proposed findings of fact and conclusions of law shall be filed on or before _____.

The foregoing Joint Pretrial Order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case.  This Order shall not be amended except by Order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED:_____.

_____
UNITED STATES DISTRICT JUDGE