ANDREW J. DHUEY [*Pro Hac Vice*]
ajdhuey@comcast.net
456 Boynton Avenue
Berkeley, California 94707
(510) 528-8200

CHAD BOWERS (NV State Bar No. 7283)
chadalbertbowers@gmail.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
(702) 457-1001

Attorneys for Defendant, Kevin Kelleher

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company<br><br>Plaintiff,<br><br>v.<br><br>KEVIN KELLEHER, an individual<br><br>Defendant | Case No.: 2:10-cv-01184-KJD-RJJ<br><br>**DEFENDANT KEVIN KELLEHER'S RESPONSE TO PLAINTIFF RIGHTHAVEN'S NOTICE OF ADVERSE DECISIONS CONCERNING SUBJECT MATTER JURISDICTION** |

Eight days prior to trial calendar call in a case in which it has conducted no discovery and brought no substantive motions, Plaintiff Righthaven LLC suggests that "the Court may wish to issue an Order to Show Cause so that is [sic] may rule on the presence of subject matter jurisdiction prior to conducting trial in this matter." Righthaven LLC's Notice of Adverse Decisions Concerning Subject Matter at 2. It is a peculiar suggestion for Righthaven to make, given that "Righthaven maintains this Court has subject matter jurisdiction to adjudicate the copyright infringement claims at issue in the case at bar." *Ibid.* Righthaven thus appears to be inviting the Court to commit what Righthaven would contend is legal error by dismissing this action.

Also peculiar is that in an October 7, 2011 teleconference with U.S. Magistrate Judge Robert J. Johnston and Mr. Kelleher, Righthaven represented that it would move to dismiss the instant case under Federal Rule of Civil Procedure 12(b)(1).[1] That assurance echoed an earlier claim that Righthaven would dismiss this action. On June 20, 2011, Righthaven informed Mr. Kelleher in an email that "Obviously, it appears that we will need to dismiss the action due to a lack of standing." Alas, Righthaven never did file a motion to dismiss this action, and now, on the eve of trial, it suggests that perhaps the Court might wish to take up the issue of subject matter jurisdiction.

In yet another bizarre element to its Notice, Righthaven implicitly faults Mr. Kelleher for not moving to dismiss this action. *Id.* at 3 ("Defendant Kevin Kelleher has refused to seek adjudication of the subject matter jurisdiction issue described herein through a request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1)."). Mr. Kelleher does not understand how waiting for Righthaven to do what it has repeatedly said it would do – move to dismiss this case – amounts to a "refusal" of any sort.

What Righthaven never addresses is why it does not simply move for a voluntary dismissal of this action under Rule 41(a)(2). Mr. Kelleher agrees that this action should be dismissed. Perhaps the Court should treat Righthaven's Notice as a voluntary dismissal under Rule 41(a)(2). There would surely be a quarrel over the terms of dismissal concerning attorney fees, costs and sanctions, and it would be for the Court to determine dismissal terms based on what it "considers proper." *Ibid.*

Regardless, Mr. Kelleher is amendable to any approach the Court might take to bring this odd case to a merciful end. His counsel will gladly travel from Berkeley, California to Las Vegas for the November 1st calendar call if that would be helpful. It might be illuminating for the Court to hear Righthaven explain its litigation conduct in this action.

---

[1] A recording of this brief teleconference is in the possession of Judge Johnston's courtroom clerk, Jerry Ries.

Dft's Resp. re Sub. Mat. Jur. - 2

Once the dismissal issue is resolved, Mr. Kelleher will seek recovery of his attorney fees and costs, and he will move for sanctions against Righthaven's attorneys for violations of Local Rule 7.1-1 (nondisclosure of Stephens Media's financial interest in the outcome of this action) and 28 U.S.C. § 1927 (counsel's unnecessary prolonging of this action).

Dated: October 25, 2011

Respectfully submitted,

ANDREW J. DHUEY

By: /s/ Andrew J. Dhuey

Attorney for Defendant,
Kevin Kelleher