ANDREW J. DHUEY [*Pro Hac Vice*]
ajdhuey@comcast.net
456 Boynton Avenue
Berkeley, California 94707
(510) 528-8200

CHAD BOWERS (NV State Bar No. 7283)
chadalbertbowers@gmail.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
(702) 457-1001

Attorneys for Defendant, Kevin Kelleher

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN KELLEHER, an individual<br><br>　　　　　Defendant | Case No.: 2:10-cv-01184-KJD-RJJ<br><br>**DEFENDANT KEVIN KELLEHER'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　　In yet another bizarre chapter of Plaintiff Righthaven LLC's misadventures in this judicial district, Righthaven implores the Court to focus on "the plain language" of a copyright assignment it cannot find, and for all we know, does not exist. It is a fitting coda for a case in which Righthaven has made no initial disclosures, conducted no discovery and brought no substantive motions.

**　　I.　　Righthaven has failed to submit evidence that it owns any rights to the copyrighted work at issue in this action.**

　　　　A week after the postponed trial date, Righthaven now confesses that it cannot produce an assignment – required by 17 U.S.C. § 204(a) to be "in writing and signed" by the assignor –

of the copyrighted newspaper article (the "Work")[1] upon which this entire suit is based.[2] Not to worry, however, as Righthaven "is in the process of locating a copy of the Assignment executed by Stephens Media" and "[d]espite this shortcoming, Righthaven represents that the Assignment is identical to the assignment" of another work, at issue in another case.[3]

Righthaven's failure to produce the purported assignment regarding the Work is, standing alone, fatal to its claim for copyright infringement. As this Court found in *Righthaven v. Mostofi*,[4] under the terms of the Strategic Alliance Agreement ("SAA")[5] between Righthaven and Stephens Media LLC, no assignment of a work occurs unless and until Stephens Media executes an assignment in the form set forth as Exhibit 1 of the SAA. *Mostofi* at 6-7. The SAA's requirements for assignment thus rebut the presumption of ownership created by the registration of the Work and shift the burden to Righthaven to prove that Stephens Media "execut[ed] a particularized assignment with respect to [the Work] consistent with (and in form and substance the same as) the scope of assignment as set forth in the form of copyright assignment as embodied in Exhibit 1." SAA, section 7.1.[6]

---

[1] "Calvert, longtime voice of UNLV, among six-member class," originally published in the *Las Vegas Review-Journal* on 5 June 2010 (docket #1, exhibit 3).

[2] Declaration of Shawn A. Mangano, Esq. in Support of Response to Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction (docket #32) at 2.

[3] Response to Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction (docket #29) at 4 n.1.

[4] Case No. 2:10-cv-01066, 2011 WL 2746315 (D. Nev. July 13, 2011).

[5] Righthaven produced a copy of the SAA as Exhibit 2 to the Declaration of Steven A. Gibson (docket #31).

[6] *S.S. Enterprises v. India Sari Palace, Inc.*, 1983 U.S. Dist. LEXIS 17956 (S.D.N.Y. 1983) at *12-13 ("[T]he registration certificate does not create an irrebuttable presumption of copyright validity and where other evidence in the record casts doubt on the question, as is the case here, validity will not be assumed. *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905 (2d Cir. 1980). The defendants have introduced facts contrary to those stated in the certificate and Enterprises has failed to rebut the assertions of non-exclusivity by defendants."); *see also Walker & Zanger, Inc. v. Paragon, Indus.*, 549 F. Supp. 2d 1168, 1184 (N.D. Cal. 2007) ("burden of

1    The eve of trial is not the proper time to begin a "process" of locating the document that
2 purportedly establishes Righthaven's legal right to bring this action. Righthaven's counsel should
3 have assured the existence and secured possession of this document *before* filing this action, and
4 it should have been produced or disclosed to Defendant, Kevin Kelleher *over a year ago*
5 pursuant to Righthaven's initial disclosure obligations.[7] At this late stage, even if Righthaven
6 were to locate an assignment of the Work, it cannot rely on a document that was not initially
7 disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(ii). *See* Rule 37(c)(1).

8    Righthaven's claimed inability to find an assignment for the Work raises the disturbing
9 possibility that such an assignment never occurred and Righthaven's counsel is aware that it
10 never occurred. Given that this case is largely a factual and legal repeat of *Mostofi* (discussed
11 below), there is good reason to doubt that any assignment was executed for the works at issue in
12 that case and this one. If Righthaven has lost its copy of an assignment, it would seem to be a
13 simple matter of obtaining a copy from the purported assignor, Stephens Media. Righthaven's
14 counsel does not claim that he has ever seen or possessed a copy of an assignment of the Work;
15 instead he merely "believe[s] the assignment in this case contains identical content to the other
16 assignments" for works at issue in other cases. Mangano Decl. at 2.

17   **II.    Righthaven would not be a copyright "owner" under 17 U.S.C. § 501(b) even**
18           **if it were to produce the purported assignment of the Work.**

19   Even if Righthaven had produced an assignment of the Work pursuant to the terms of the
20 SAA, Righthaven would nonetheless lack an ownership interest in the Work sufficient to assert a
21 claim for its infringement. This Court decided as much in *Mostofi*, another case in which

---

proving validity shifts back to plaintiff" when defendant rebuts statutory presumption created by copyright registration).

[7] Discovery Plan and Scheduling Order (docket #12) at 2 ("Righthaven shall submit its initial disclosures pursuant to Fed. R. Civ. P. 26(a) fourteen (14) days from the date or the Court's Order approving the proposed Discovery Order.").

Righthaven mysteriously failed to produce an assignment for the copyrighted work at issue and instead quoted language from an assignment for an unrelated work.[8]

In *Mostofi*, this Court rejected all of the arguments Righthaven raises in the instant case. Quoting *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005) (*en banc*), this Court found that the same SAA at issue in the instant case "was designed to prevent Righthaven from becoming 'an *owner* of *any exclusive* right in the copyright…,' *Silvers*, 402 F.3d at 886 (emphasis in original), regardless of Righthaven and Stephens Media's *post hoc*, explanations of the SAA's intent or later amendments." *Mostofi* at 4. Even if the SAA had made it possible for Righthaven to become an owner of an exclusive right to a copyright, Righthaven failed to produce a specific assignment of the work at issue. *Id.* Thus, Righthaven "failed to sufficiently allege whether or not Stephens Media *assigned* the copyrighted Work to Righthaven pursuant to the SAA, as amended or not." *Id.* at 6 (emphasis in original).

Righthaven should be collaterally estopped from relitigating the same issues decided against it in *Mostofi*. "A valid final judgment for lack of jurisdiction or improper venue does not bar relitigation of the claim, but does bar relitigation of the issues actually litigated and necessarily decided." 18-132 *Moore's Federal Practice – Civil* § 132.03[5][c] (*citing*, *inter alia*, *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 849-51 (9th Cir. 1997)). "Principles of issue preclusion apply to standing determinations. [citations]." *Moore's* at § 132.03[5][d]. Likewise, Righthaven should be collaterally estopped from revisiting the same issues decided against it in *Righthaven v. Newman*, in which the court expressly dismissed "with prejudice" Righthaven's complaint for lack of subject matter jurisdiction.[9]

---

[8] *Mostofi* at 7 ("Plaintiff's reference to the *Vote For The Worst* case works against Plaintiff because it provides a copy of the assignment pertaining to the work in that case.").

[9] Case No. 2:10-cv-01762, 2011 U.S. Dist. LEXIS 116654 at *11 (D. Nev. Oct. 7, 2011) ("Dismissal with prejudice is appropriate, because no amendment can save this complaint. *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002). Righthaven cannot establish that it had standing at the time it filed its complaint.").

**III.     The Court should enter summary judgment against Righthaven.**

Rather than dismiss this case for lack of subject matter jurisdiction, Mr. Kelleher respectfully suggests that the proper course for the Court at this stage is to follow the approach of *Righthaven v. Wolf*[10] and enter summary judgment against Righthaven on the ground that "Righthaven is neither a 'legal owner' or a 'beneficial owner' for purposes of" establishing a claim for copyright infringement under [17 U.S.C.] § 501(b)." 2011 U.S. Dist. LEXIS 109901 at *24. In *Wolf*, the court converted a motion to dismiss for lack of subject matter into a motion for summary judgment because "the resolution of jurisdictional issues is intertwined with the merits of the case." *Id.* at *4.[11] While the court in *Wolf* took this procedural path based on governing Tenth Circuit jurisprudence, that authority was based in part on Ninth Circuit cases.[12] Summary judgment is particularly appropriate given Righthaven's concession that standing is intertwined with the merits.[13]

Without a summary judgment against Righthaven, Mr. Kelleher could face the same fate as the defendant in *Mostofi* – a second action filed by Righthaven hours after this Court

---

[10] Case No. 1:11-cv-00830, 2011 U.S. Dist. LEXIS 109901 (D. Colo. Sept. 27, 2011).

[11] "Because my jurisdiction in this case is dependent upon federal copyright law, which also provides the basis for Righthaven's claim of infringement, the jurisdictional issues raised in Mr. Wolf's Motion to Dismiss are intertwined with the merits of the case. Accordingly, I will convert his Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment. Furthermore, because both parties submitted materials in support of their respective arguments on Mr. Wolf's motion to dismiss and incorporated those materials into their arguments, they have received ample notice that Mr. Wolf's motion was subject to treatment as a Rule 56 motion." 2011 U.S. Dist. LEXIS 109901 at *5-6.

[12] *See Wolf*, at *4-5, *applying Wheeler v. Hurdman*, 825 F.2d 257 (10th Cir. 1987). *Wheeler* cited with approval, *inter alia*, *Timberlane v. Bank of America*, 749 F.2d 1378 (9th Cir. 1984) and *Black v. Payne*, 591 F.2d 83, 86 n.1 (9th Cir. 1979). *Wheeler*, 825 F.2d at 259; *see also Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("In ruling on a jurisdictional motion involving factual issues which also go to the merits * * * a resolution of the jurisdictional facts is akin to a decision on the merits.").

[13] *Righthaven LLC v. Eiser*, No. 2:10-cv-03075-RMG, Dkt. 68 at 6-7 (D. S.C., opposition to motion to dismiss filed Aug. 8, 2011).

dismissed the first action for lack of subject matter jurisdiction.[14] Summary judgment would be a procedurally fair result, since just as in *Wolf* the Court in this action gave notice that it would consider entering summary judgment against Righthaven. Order to Show Cause (docket # 28). Alternatively, if the Court were to decide that summary judgment is inappropriate, Mr. Kelleher respectfully requests that a dismissal for lack of subject matter jurisdiction be made with prejudice (as in *Newman*) to trigger claim preclusion under the doctrine of *res judicata*.

### IV.   Righthaven's attorneys should be sanctioned for their professional misconduct in this action.

There can be no serious doubt that this case should be decided against Righthaven for failing to establish ownership of any exclusive right in the Work. The real issue in this case is whether Righthaven's attorneys should be sanctioned for falsely alleging in the Complaint that Righthaven owned several exclusive rights in the Work,[15] for hiding the 50% financial interest of Stephens Media in the outcome of this case,[16] for violating the Court's Discovery Plan and Scheduling Order[17] by making no initial disclosure of the purported assignment of the Work (assuming such an assignment exists) and for filing, prosecuting and prolonging this frivolous action in bad faith. Mr. Kelleher will bring a motion for such sanctions after judgment is entered in this action.

Mr. Kelleher is hopeful that the Court will agree that attorney sanctions are appropriate. This would be not for his revenge or for his counsel's personal enrichment. Imposing sanctions would serve the purpose of deterring officers of the Court from abusing the considerable power society entrusts in them. Righthaven's attorneys frightened individuals who did nothing wrong

---

[14] *See Righthaven v. Mostofi*, Case No. 2:11-cv-01160, (D. Nev. July 13, 2011).

[15] *See* Complaint (docket #1) at ¶¶ 24-27.

[16] *Compare* Certificate of Interested Parties (docket #6) with Amended Certificate of Interested Parties (docket #20).

[17] *See* docket # 12.

into paying thousands of dollars to resolve frivolous lawsuits. They broke the rules in this case and many others – all for the benefit of a client they created and operated. The Court should not let their misconduct go unpunished.

**V.      Conclusion.**

The Court should enter summary judgment against Righthaven.

Dated: 21 November 2011               Respectfully submitted,

ANDREW J. DHUEY

By: /s/ Andrew J. Dhuey

Attorney for Defendant,
Kevin Kelleher