1

2

3

4

5

6

7              **UNITED STATES DISTRICT COURT**

8                    **DISTRICT OF NEVADA**

9

10   RIGHTHAVEN LLC,

11          Plaintiff,                              Case No. 2:10-CV-01184-KJD-RJJ

12   v.                                             **ORDER**

13   KEVIN KELLEHER,

14          Defendant.

15

16          Presently before the Court is Plaintiff's Response (#29) to the Court's Order to Show Cause

17   (#28).  Defendant filed a reply (#33) to Plaintiff's Response.

18          On November 2, 2011, the Court ordered Plaintiff to show cause why its complaint should

19   not be dismissed for lack of subject matter jurisdiction.  In this action, "as in all actions before

20   federal court, the necessary and constitutional predicate for any decision is a determination that the

21   court has jurisdiction- that is the power- to adjudicate the dispute." Toumajian v. Frailey, 135 F.3d

22   648, 652 (9th Cir. 1998). The purpose of a complaint is two-fold: to give the defendant fair notice of

23   the basis for the court's jurisdiction and of the factual basis of the claim. See Fed. R. Civ. P. 8; Skaff

24   v. Meridien North Am. Beverly Hills, LLC, 506 F.3d 832, 843 (9th Cir. 2007). Rule 12(b)(1) of the

25   Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack

26   of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint,

1   considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter

2   jurisdiction. <u>In re Dynamic Random Access Memory (DRAM) Antitrust Litigation</u>, 546 F.3d 981,

3   984-85 (9th Cir. 2008). Although the defendant, or in this case the Court, is the moving party in a

4   motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's

5   jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal

6   court. <u>McCauley v. Ford Motor Co.</u>, 264 F.3d 952, 957 (9th Cir. 2001) (citing <u>McNutt v. General</u>

7   <u>Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936)).

8         The plaintiff must be the "legal or beneficial owner of an exclusive right under a copyright."

9   <u>See</u> <u>Silvers v. Sony Pictures Entm't, Inc.</u>, 402 F.3d 881, 884 (9th Cir. 2005). If the plaintiff "is not a

10  proper owner of the copyright rights, then it cannot invoke copyright protection stemming from the

11  exclusive rights belonging to the owner, including infringement of the copyright." <u>Id.</u> (quoting 4

12  <u>Business and Commercial Litigation in Federal Courts</u>, at 1062 § 65.3(a)(4) (Robert Haig ed.)).

13        A certificate of registration will raise the presumption of valid copyright ownership.  <u>See</u> 17

14  U.S.C. § 410(c); <u>Micro Star v. Formgen Inc.</u>, 154 F.3d 1107, 1109-10 (9th Cir. 1998).  Plaintiff has

15  submitted a certificate of registration that raises a presumption of valid copyright ownership.

16  However, "the presumptive validity of the certificate may be rebutted and defeated[.]" <u>S.O.S., Inc. v.</u>

17  <u>Payday, Inc.</u>, 886 F.2d 1081, 1086 (9th Cir. 1989)(citing <u>Seiler v. Lucasfilm, Ltd.</u>, 808 F.2d 1316,

18  1322 (9th Cir. 1986).  The Copyright Act requires transfers of copyrights to be in writing and to be

19  clear.  <u>See</u> 17 U.S.C. § 204(a)("[a] transfer of copyright ownership...is not valid unless [it]...is in

20  writing...and signed[.]"); <u>Konigsberg Int'l, Inc. v. Rice</u>, 16 F.3d 355, 357 (9th Cir. 1994)(writing

21  requirement protects authors from fraudulent claims and "enhances predictability and certainty of

22  ownership-'Congress's paramount goal' when it revised the Act in 1976")(internal citations omitted).

23        Buried in a footnote of Plaintiff's response to the Court's order to show cause is Plaintiff's

24  admission that sixteen (16) months after filing the Complaint (#1) in this action and after conducting

25  little to no discovery, it has still not located the written assignment covering the work at issue in the

26  Complaint.  Having effectively challenged Plaintiff's standing to bring this action, Defendant has

1  rebutted the presumption that a written assignment of the copyright exists in this action.

2  Furthermore, the Court gave Plaintiff a week to respond to Defendant's reply to Plaintiff's response

3  to the order to show cause, but despite being given till November 28, 2011 to provide the written

4  assignment, Plaintiff failed to respond at all to Defendant's arguments.  Finally, an additional six

5  weeks have passed since the deadline and Plaintiff has failed to request permission to supplement its

6  arguments.  Now, a year and a half after Plaintiff filed its complaint, and with trial set to begin on

7  January 23, 2012, Plaintiff has failed to produce a written assignment of the copyright at issue in this

8  action.  Accordingly, since no written assignment of the copyright exists, the Court finds on the

9  merits of the case that Plaintiff has failed to meet its burden in establishing subject matter

10  jurisdiction.

11          Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is **DISMISSED with**

12  **prejudice for lack of subject matter jurisdiction**;

13          IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant

14  and against Plaintiff.

15          DATED this 13TH day of January 2012.

16

17

18                                                                      _____

                                                                        Kent J. Dawson
19                                                                      United States District Judge

20

21

22

23

24

25

26